FILED

05/11/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0545

DA 16-0545

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 116

IN RE THE PARENTING OF:

G.M.O.,

     A Minor Child.

CRISTY PEDERSON,
f/k/a CRISTY PICKETT,

     Petitioner and Appellant,

   and

ANDREW ORVIS,

     Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District, In and For the County of Missoula, Cause No. DR-11-806 Honorable John W. Larson, Presiding Judge |

COUNSEL OF RECORD:

     For Appellant:

          Marybeth M. Sampsel, Measure, Sampsel, Sullivan & O'Brien, P.C., Kalispell, Montana

     For Appellee:

          Andrew Orvis, Self-Represented, Missoula, Montana

                    Submitted on Briefs: May 10, 2017
                             Decided: May 11, 2017

Filed:

_____
                  Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Cristy Pederson appeals the amended parenting plan issued by the Fourth Judicial District Court on the grounds that it is contrary to the best interests of her child and that the District Court failed to make sufficient findings of fact and conclusions of law. She requests that we vacate the order amending the parenting plan and remand for a new hearing to establish an appropriate parenting plan.

¶2 We reverse and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Andrew Orvis and Cristy are the parents of a seven-year-old child, G.M.O. The District Court adopted a parenting plan in August 2012 when G.M.O. was two years old. Under the plan, G.M.O. resided primarily with Cristy, and Andrew had parenting time every week from Tuesday morning to Thursday evening. Both parents lived in Missoula at the time. G.M.O. has been in Cristy's primary care ever since.

¶4 Cristy worked as the general manager of a Taco Bell in Missoula. In early 2016, Cristy was offered the general manager position for Taco Bell in Kalispell. The position included a pay raise, a better schedule, and an opportunity for growth in the company. Cristy accepted the position and managed the Kalispell location while still living in Missoula. Cristy commuted to and from Kalispell a few times a week for several months.

¶5 In April 2016, Cristy provided notice of her intent to move to Columbia Falls. Andrew filed a motion opposing Cristy's intent to move. The District Court denied Cristy's motion and set an August hearing date to review the parenting plan.

2

¶6     Both Cristy and Andrew testified at the hearing.  Cristy offered evidence and testified extensively that allowing her to maintain primary care of G.M.O. in Columbia Falls would be in the child's best interest.  Andrew provided little testimony regarding G.M.O.'s best interests.  The court did not make any oral findings during the hearing.  The court did state, however, that "there are worse things than having to go to two different schools in a year, and I know there's a lot of kids go to two different schools in a year without, you know, too much harm."

¶7     The District Court issued a brief order amending the parenting plan on August 23, 2016.  The order did not contain any substantive findings of fact or conclusions of law.  It provided that G.M.O. would attend school in Columbia Falls from the beginning of the school year until Thanksgiving.  At that point, G.M.O. would move back to Missoula and attend school there until Easter.  At Easter, G.M.O. would again move back to Columbia Falls to finish the school year.  Following the school year, G.M.O. would move back to Missoula to spend the first third of the summer there.  She would spend the second third of the summer in Columbia Falls, and the last third of the summer back in Missoula.  At the end of the summer, G.M.O. would move back to Columbia Falls to begin the school year.  The District Court found this schedule to be "in the best interest of the child."  Cristy appeals.  Andrew did not submit a response brief on appeal.

**STANDARDS OF REVIEW**

¶8     We review a district court's findings of fact related to a parenting plan to determine whether the findings are clearly erroneous.  *In re Parenting of C.J.*, 2016 MT 93, ¶ 12, 383 Mont. 197, 369 P.3d 1028.  A finding is clearly erroneous if it is not supported by

3

substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake. *C.J.*, ¶ 12. We review a district court's conclusions of law to determine if they are correct. *C.J.*, ¶ 12.

¶9 A district court has broad discretion when considering the parenting of a child. *C.J.*, ¶ 12. Accordingly, absent clearly erroneous findings, we will not disturb a district court's decision regarding parenting plans unless there is a clear abuse of discretion. *C.J.*, ¶ 12. A district court abuses its discretion if it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. *C.J.*, ¶ 12.

## DISCUSSION

¶10 A district court must "determine the parenting plan in accordance with the best interest of the child." Section 40-4-212(1), MCA. The best interest standard applies to amending parenting plans as well. Section 40-4-219(1), MCA. The court must "consider all relevant parenting factors" in determining the best interest of the child. Section 40-4-212(1), MCA. The statute sets forth a non-exhaustive list of factors for the court to consider, including: "the child's adjustment to home, school, and community;" "continuity and stability of care;" and "developmental needs of the child." Section 40-4-212(1)(d), (h), (i), MCA. A court may "amend a prior parenting plan if it finds, upon the basis of facts . . . that the amendment is necessary to serve the best interest of the child." Section 40-4-219(1), MCA. "Although [w]e have encouraged district courts to make specific findings on each relevant statutory factor, we require only that the district court make findings sufficient for this court to determine whether the court considered the statutory

fact[ors] and made its ruling on the basis of the child's best interests." *C.J.*, ¶ 14 (citation and internal quotations omitted).

¶11 The District Court's order simply "reaffirmed its earlier findings about the child's most significant contacts being in Missoula, including school, friends, and medical care." The court then stated conclusively that it is "in the best interest of the child to spend Fall and Spring in school in Columbia Falls and Summer in Missoula."

¶12 The District Court's "findings" are insufficient. The court's order provides no basis for this Court "to determine whether the court considered the statutory fact[ors] and made its ruling on the basis of the child's best interests." *C.J.*, ¶ 14. Moreover, there is no justification—on this record or any that we can imagine—for a determination that requiring a child to switch schools between Missoula and Columbia Falls twice during the school year could be in the child's best interest.

¶13 The District Court's amended parenting plan requires G.M.O. to move six times during the course of the year—including twice during the school year. The court's order lacks any consideration of the school calendars or of how the disruption may affect G.M.O.'s "developmental needs" and her "adjustment to . . . school[] and community." Section 40-4-212(1)(d), (i), MCA. The court seems to base its decision on the fact that G.M.O. "will be traveling for visitation no matter which school district is selected" and that "winter travel is the most challenging." The court's finding that this plan is in G.M.O.'s best interest exceeds the bounds of reason.

¶14 We conclude that the District Court's order contains insufficient findings of fact related to G.M.O.'s best interest and that the findings it does contain are clearly erroneous.

5

We conclude further that the District Court abused its discretion in amending the parenting plan.

## CONCLUSION

¶15    We reverse the District Court's order amending the parenting plan and remand for a new hearing to determine the best interest of the child.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT